UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. EMMONS,

       Plaintiff,                              Civil Action No. 2:12-15235

      v.                                     District Judge Denise Page Hood
                                             Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO
## DENY PLAINTIFF'S MOTION FOR REMAND PURSUANT TO SENTENCE SIX [22]

This case, involving Plaintiff James Emmons' appeal of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits, has taken a peculiar procedural posture: Emmons asks this Court to remand this case to the Commissioner for consideration of new and material evidence *after* this Court issued a report and recommendation to deny his motion seeking to remand this case because the Commissioner's decision lacked substantial evidentiary support. This attempted "second bite at the apple" is not well-taken.

This case initially proceeded in the usual fashion. On May 20, 2013, Emmons filed a motion asserting that the Commissioner's decision that he was not under a disability was not supported by substantial evidence. (Dkt. 15, Pl.'s Mot. Summ. J at ii.) Emmons' motion relied in significant part on two medical records that were not before the ALJ. (*See id.* at 5-6, 8 (citing Tr. 303, 324).) But it is well-settled in the Sixth Circuit that where, as here, the Social Security Administration's Appeals Council denies a claimant's request for review, it is the ALJ's decision that is the final decision of the Commissioner, and, therefore, in determining whether substantial evidence supports

the Commissioner's decision, this Court looks at only those materials that the ALJ had the opportunity to examine. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, in a report and recommendation dated November 18, 2013, this Court concluded, based on its examination of only the evidence before the ALJ, that Emmons had not demonstrated that the ALJ's findings lacked substantial evidentiary support. (*See* Dkt. 21, Nov. 18, 2013 R. & R. at 13-19.)

Following that report and recommendation, things took an unusual turn: counsel for Emmons filed a "Motion for Remand Under Sentence 6 of the Social Security Act, 42 U.S.C. § 405(g)." (Dkt. 22, Pl.'s Sentence Six Mot.) This motion is now before the Court for a report and recommendation. (Dkt. 23.)[1]

As an initial matter, Emmons' sentence-six motion is procedurally improper. Emmons' motion expressly requests this Court "to enter Summary Judgment in his favor and remand the previous administrative decision." (Pl.'s Sentence Six Mot. at 1.) But Emmons already filed a motion for summary judgment. (Dkt. 15.) And the Eastern District of Michigan's local rules provide that parties need leave of court before filing a second one. E.D. Mich. LR 7.1(b)(2). Yet Emmons failed to obtain such leave.

And even if the Court did not consider Emmons' sentence six motion as a second motion for summary judgment, it is still problematic procedurally. Arguments raised for the first time in a reply brief are generally not properly before the court. *See Paul v. Henri-Line Mach. Tools, Inc.*, No.

---

[1] After the Court had considered both parties briefs on Emmons' sentence six motion, and despite directing that Emmons should not file reply, Emmons filed a supplemental brief. The Court has not considered this brief.

10-10832, 2012 WL 6642494, at *6 (E.D. Mich. Dec. 20, 2012) ("A reply is not the proper place to raise an argument for the first time." (citing cases)); *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700, 2011 WL 1233479, at *2 n.1 (E.D. Mich. Mar. 30, 2011) ("In a letter dated March 3, 2010, which was construed by the magistrate judge as a reply brief, Martinez described her impairments and diagnoses of disability. However, the new arguments that she raised for the first time in the reply brief were correctly disregarded by the magistrate judge."). The reason for this rule is straightforward: the non-moving party, having already responded, does not have an opportunity to address arguments raised by the moving party in its reply. *See United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir. 1989). Of course, this also means that if the non-moving raises a new issue in its response, it might be proper for the moving-party to set forth a responsive argument in its reply brief. *See Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000). But that exception does not fit here. Although the Commissioner was the first to recognize that Emmons' argument was supported by improper evidence (*see* Dkt. 19, Def.'s Mot. Summ. J. at 13), the Commissioner did not go on to address the propriety of a remand pursuant to sentence six, which would have included a discussion of the novelty, materiality, and good-cause factors. *Cf. Lemmens v. Astrue*, No. 06-C-473-C, 2007 WL 5618985, at *3 (W.D. Wis. May 3, 2007) ("Although plaintiff did not argue in support of a sentence six remand in her opening brief, in her reply she explains why she meets the criteria of newness, materiality and good cause. Ordinarily, arguments raised for the first time in a reply brief are waived. . . . However, to his credit, the commissioner raised and addressed the merit of any putative sentence six issue in his responsive brief. Accordingly, because the commissioner has not been prejudiced by plaintiff's belated change in legal theory, I will consider plaintiff's sentence six argument."). Accordingly, *Paul*, *Martinez*, and the cases cited therein provide some guidance here.

To be sure, Emmons' sentence-six motion is not a reply in name. But this does not help Emmons: in this case, a second motion is at least as improper. As noted, when the Commissioner responded to the claims of error that Emmons had raised, she pointed out the flaw in Emmons' reliance on documents not before the ALJ. (Dkt. 19, Def.'s Mot. Summ. J. at 13 ("There are several problems with Plaintiff's reliance on these items. First, the ALJ did not see them. . . . Hence this Court should not consider this evidence." (citing *Foster*, 279 F.3d at 357; *Cline*, 96 F.3d at 148-49)). Emmons' counsel then had several choices. She could have construed the Commissioner's brief as a motion for summary judgment (which it technically was) and filed a response brief. Or she could have thought that the Commissioner had in substance filed a response, and so it was her turn to file a reply. Yet, having presumably seen the Commissioner's response, Emmons' counsel decided not to file a response brief or reply brief. Although her reluctance to do so is somewhat understandable given cases like *Paul* and *Martinez*, the route that counsel decided to take was even riskier. Emmons' counsel waited to see if this Court would find her substantial-evidence arguments valid, and then, when it did not, filed a motion for relief pursuant to sentence six. The decision to take the most precarious of the available options counsels against overlooking the initial omission. This is especially so because Emmons' counsel has provided no explanation for the initial omission or why she decided not to respond to the Commissioner's argument once it alerted her to the problem with her substantial-evidence argument. Further, had Emmons raised the issue in responsive briefing before this Court issued its report and recommendation, both the Commissioner and this Court could have addressed Emmons' arguments all at once, instead of in piecemeal fashion.

A substantive reason also counsels against granting Emmons' sentence six motion: Emmons has not carried his burden of demonstrating that remand is warranted. Sentence six of 42 U.S.C. §

405(g) provides, "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Importantly, it is the plaintiff's burden to show that the evidence is new, material, and that there was good cause for not producing it to the ALJ. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) ("It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405."); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) ("[Section 405] requires that before a social security claim will be remanded for consideration of additional evidence, the claimant must prove that new evidence existed which would be material to the determination of his disability claim."). Here, Emmons has not shown that the evidence that he would like an ALJ to consider on remand is "material." *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material.").

In arguing that the evidence not previously considered by an ALJ is material, Emmons says:

> [T]he new medical records substantiate Plaintiff's testimony about his "pain and swelling in his lower extremities" and were material[] to both the residual functional capacity determination and credibility determination. (Pl.'s Mot. at 5.). Although Plaintiff underwent a procedure to attempt to open the veins in his leg, he continued to report pain and swelling. (R. 261). These additional records reveal that during the relevant period of time, Plaintiff was undergoing physical therapy to decrease the discomfort in his legs, but developed painful draining ulcers as a result of the severe edema in his lower extremities. (R. 324). In order to decrease the swelling, Plaintiff was ordered to use a sequential pump two times a day for one hour that manually drained fluid from his legs. (R. 303). He was also advised

5

> by his physical therapy team to elevate his legs above heart level multiple times a day to control his edema. *Id.* Plaintiff's medical records not only document his painful conditions, but also his willingness to undergo different procedures. Despite painful, leaking ulcers on both of his legs, Plaintiff continued to attend physical therapy as instructed. Moreover, Plaintiff's swelling increased so much, he had to use a manual pump to drain the fluid from his legs. This significant medical documentation corroborates Plaintiff's reports debilitating pain and swelling in his lower extremities. *Id.*

(Pl.'s Sentence Six Mot. at 3-4.) Emmons concludes, "Had the ALJ received and reviewed this evidence to consider, he likely would have rendered different findings. As this Court found in the Report and Recommendation [Dkt. 21, Nov. 18, 2013 R. & R. at 14], the new evidence 'suggests that Emmons' edema was more severe than perhaps appreciated by the ALJ.'" (Pl.'s Sentence Six Mot. at 4.)[2]

Emmons thus cites two records, pages 303 and 324 of the administrative record, in support of his claim that he has material evidence not previously presented to the ALJ. But neither of the two records are material because they do not discuss Emmons' condition between the alleged disability onset date, October 31, 2008, and the ALJ's decision, September 14, 2011. (Tr. 23, 31); *see Oliver*, 804 F.2d at 966 ("The additional medical evidence submitted by the claimant is not material to the Secretary's decision that Oliver could perform light or sedentary work as of December 5, 1983. The new evidence was compiled in March 1985, and it does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983."); *Wyatt v. Sec'y of Health*

---

[2]The Court initially understood Emmons' statements that he had leaking ulcers and "was ordered to use a sequential pump two times a day for one hour that manually drained fluid from his legs" as meaning that Emmons used a pump to drain fluid from his body (namely, his legs). In fact, a sequential pump is a sleeve-like device that inflates and thereby pushes fluid from the legs to other parts of the body. *See* Mayo Clinic Website, *Lymphedema*, http://goo.gl/QuYYtf (last visited Feb. 10, 2014).

*& Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is . . . immaterial."). Although Emmons developed leaking ulcers as a result of his edema, the document that Emmons cites to evidence that condition discusses ulcer treatment between October 17 and October 24, 2011. It does not say when Emmons developed the ulcers or if they affected him during the disability period. (Tr. 324.) The document that Emmons cites regarding his use of a sequential pump is dated June 11, 2012, and it discusses treatment between October 4, 2011 and December 20, 2011—also after the disability period. (Tr. 303.) Emmons has thus not carried his burden of showing that the evidence first added to the record at the Appeals Council level is material.

The Court notes that there are records that were not in existence at the time of the ALJ's decision that do pertain to the disability period.[3] For instance, a September 29, 2011 record indicates

---

[3]The Commissioner argues, "An assertion that good cause was present simply because the proffered evidence documented post-adjudication examination or treatment conflates the requirement that the additional evidence be new with the requirement that a plaintiff have good cause for his failure to submit the additional evidence earlier. The Sixth Circuit has explained that 'this circuit has taken a harder [line] on the good cause test' than simply relying on the age of the evidence, and so has identified this very flaw." (Def.'s Mot. Summ. J. at 9-10 (quoting *Oliver*, 804 F.2d at 966).) This is true where, for example, a claimant procures an opinion or evaluation after the ALJ's decision that the claimant has no valid justification for not procuring prior to the decision. *See Oliver*, 804 F.2d at 966 ("Oliver does not have a valid reason for his failure to obtain a right quadricepts biopsy, a neuro-psychological examination, or a university neurologist evaluation prior to the hearing. Therefore, the good cause requirement has not been met."). But this does not mean that good cause can never be satisfied based on the rationale that the evidence was not in existence at the time of the ALJ's decision. *See Koulizos v. Sec'y of Health & Human Servs.*, 802 F.2d 458 (6th Cir. 1986) ("[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability"); *Powell v. Comm'r of Soc. Sec.*, No. 3:07CV074, 2008 WL 886134, at *9 (S.D. Ohio Mar. 28, 2008) ("Additional evidence generated for the purpose of attempting to prove disability in contrast to evidence produced by continued medical treatment does not meet the good cause requirement of the Act."). Of course, treatment after the ALJ's decision will often not pertain to the disability period and thus will not be "material." But this is not always the case: the record corresponding to an office visit after the ALJ's decision may discuss the claimant's prior condition,

that in late August 2011, Emmons developed an ulcer on his leg. (*E.g.*, Tr. 328.) (It appears, however, that Emmons did not start message therapy, or use a pump, until after the ALJ's decision.) But it is not this Court's job to explain why these records create a "reasonable probability" of an ALJ reaching a different decision on remand, *Sizemore*, 865 F.2d at 711—especially where Emmons has not addressed them despite already having missed the sentence-six argument once.

Accordingly, both because Emmons' motion is procedural improper and because the motion does not carry Emmons' burden of showing that a sentence six remand is justified, this Court RECOMMENDS that Emmons "Motion for Remand Under Sentence 6 of the Social Security Act, 42 U.S.C. § 405(g)" (Dkt. 22) be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the

---

i.e., the claimant's condition during the disability period.

response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: February 13, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 13, 2014.

s/Jane Johnson
Deputy Clerk