UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. EMMONS,

    Plaintiff,

v.                                                                    Case No. 12-15235
                                                                      Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING REPORTS AND RECOMMENDATIONS**
**and**
**DISMISSING ACTION**

This matter is before the Court on then-Magistrate Judge, now United States District Judge Laurie J. Michelson's two Reports and Recommendations. **[Doc. No. 21, filed November 18, 2013 and Doc. No. 29, filed February 13, 2014]** No objections were filed to the November 18, 2013 Report and Recommendation as to the parties' cross-motions for summary judgment. Instead, Plaintiff James H. Emmons filed a Motion to Remand under Sentence 6 of 42 U.S.C. § 405(g) on December 2, 2013, the subject of the February 13, 2014 Report and Recommendation. To date, no objections have been filed to the February 13, 2014 Report and Recommendation and the time to file such has passed.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in

reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court agrees with the Magistrate Judge that the ALJ's findings are supported by substantial evidence. The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching her conclusions in both Reports and Recommendations.

As to the November 18, 2013 Report and Recommendation, the Court agrees with the Magistrate Judge that the ALJ did not commit reversible error in analyzing Plaintiff's credibility. The Magistrate Judge noted that although Plaintiff's edema was more severe than perhaps appreciated by the ALJ, the

2

document relied upon by the Plaintiff was not before the ALJ. (11/18/13 R&R, p. 14) The Court agrees with the Magistrate Judge that as to evidence before the ALJ, the ALJ's finding that Plaintiff was not disabled due to lower-extremity pain and swelling which prevented Plaintiff from sitting, standing and walking, was supported by the record. As the Magistrate Judge noted, there were no significant objective medical findings in the record to support the degree of limitation as to Plaintiff's complaints of back pain. (11/18/13 R&R, p. 16) The Court also agrees with the Magistrate Judge that the ALJ's step-five conclusion based on the vocational expert's testimony was properly supported. The Court accepts the Magistrate Judge's November 18, 2013 Report and Recommendation as this Court's findings of fact and conclusions of law.

Regarding the February 13, 2014 Report and Recommendation, the Court agrees with the Magistrate Judge that Plaintiff's Motion to Remand filed after a Report and Recommendation was filed as to the parties' cross-motions for summary judgment was improperly filed. The Court also agrees with the Magistrate Judge that the documents relating to Plaintiff's edema (AR 303, 304) treated between October 17 and October 24, 2011, are not material to Plaintiff's condition between the alleged disability onset date of October 31, 2008. As to the document relating to use of a sequential pump dated June 11, 2012, with treatment dates between October 4, 2011 and December 20, 2011, this was evidence also

after the disability period.  Regarding the documents not before the ALJ, but related to the disability period, as noted by the Magistrate Judge, Plaintiff did not start massage therapy, or use a pump until after the ALJ's decision. (2/13/14 R&R, p. 8) The Court agrees with the Magistrate Judge that because Plaintiff's Motion to Remand was improperly filed and because Plaintiff has not carried his burden that a sentence six remand is justified, Plaintiff's Motion to Remand must be denied. The Court adopts the Magistrate Judge's February 13, 2014 Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Reports and Recommendations of then-Magistrate Judge, now United States District Judge Laurie J. Michelson **[Doc. No. 21, filed November 18, 2013 and Doc. No. 29, filed February 13, 2014]** are **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 15, filed May 20, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 19, filed July 26, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand under Sentence Six of 42 U.S.C. § 405(g) **[Doc. No. 22, filed December 2, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager